### J. REYNOLDS *v.* THE STATE.

1. PRACTICE — CHARGE OF THE COURT. — Indefinite evidence and remote or strained presumptions furnish no sufficient basis for instructions to the jury, nor for reversal here because of the omission of instructions. To necessitate an instruction, the issue must arise fairly and naturally from the evidence.

2. PRACTICE IN THIS COURT — CONTINUANCE. — Under the provisions of the Revised Code of Criminal Procedure, this court, in reviewing the refusal of a continuance below, considers its materiality with reference to the evidence adduced at the trial. If the absent testimony was not material when so considered, or if the allegations of the application were not probably true, no abuse of its discretion by the trial court is shown, and its action will not be disturbed on appeal.

APPEAL from the District Court of Erath. Tried below before the Hon. T. L. NUGENT.

This is the companion case of the one reported at p. 412 *ante*. The opinion clearly discloses the differences in the evidence. The booty in the present case comprised quite an assortment of household and kitchen furniture, besides female apparel and baby-clothes. Seven years in the penitentiary were assessed by the jury as the penalty.

No brief for the appellant has reached the reporters.

*Thomas Ball*, Assistant Attorney-General, and *W. B. Dunham*, for the State.

Clark, J.   The appellant was indicted and convicted in the District Court of Erath County upon two indictments charging him with burglary.   In the one case, the burglary was alleged to have been committed by breaking and entering the house of one John Whisenant.   In the other, which is this case, the burglary alleged was by breaking and entering the house of J. B. Walden.   Both burglaries are alleged to have occurred on the same night, and from both convictions the defendant prosecuted appeal to this court.   At a former day of this term the judgment of conviction in the former case was reversed and a new trial awarded because the evidence for defendant clearly tended to establish the fact that although the stolen property was found in the wagon of defendant, which was the strongest if not the only criminative circumstance against him, yet that it had been placed there only a day or two before defendant's arrest, by his travelling-companion, Griffin, without any knowledge upon defendant's part that Griffin had fraudulently acquired the property, and the court had omitted in its charge to instruct the jury as to the law governing that phase of the evidence, in case they should find such evidence to be true.

Upon an examination of the record in the present case, it is found to be totally dissimilar to the one formerly passed upon adversely.   In the former case, several witnesses for the defence testified explicitly, not only as to the fact of transfer of the stolen goods from the wagon of Griffin to the wagon of the defendant, but also as to the identity of some of the goods.   In the present case, but one witness seems to have been placed upon the stand by the defendant, which witness was his own brother, and arrested at the same time with himself, and who testified to the fact of a transfer of certain goods from one wagon to the other, but states expressly that he did not notice what articles were so trans-

ferred. In the former case, the defendant established an *alibi* by the testimony of William Reynolds and Mrs. Whisenant. On this trial, William Reynolds alone testified as to the supposed whereabouts of the defendant on the night of the burglaries. The testimony upon the former trial did not tend to show that more than one person was engaged in that burglary. The evidence in this case tends to show most conclusively that two persons joined in the perpetration of this burglary.

There are other manifest distinctions between the evidence in the two cases, which need not be more particularly noticed. Sufficient has been set out to indicate that in this particular case the reversible error found in the proceedings upon the other trial could not apply. The failure of the defendent to identify the stolen goods found in his wagon as the goods placed there by his companion, Griffin, relieved the court of the necessity of presenting the law governing that issue to the jury, because the evidence was of too indefinite a character to legitimately induce a presumption of good faith from the transaction. A court is never required to instruct a jury upon the law governing any particular issue unless that issue fairly and naturally arises from the evidence. Indefinite facts and remote or strained presumptions cannot be held as furnishing a sufficient basis for an instruction below, or a reversal in this court for a failure to give it.

No error is perceived in the action of the court in refusing a continuance. It is almost incredible to us that the defendant should be able to prove by two transient persons, who had casually stopped at his camp, the very facts he had failed to establish by his own brother, who was travelling with him, and who must naturally be supposed to have been more conversant with defendant's chattels, and more attentive to what was being placed in the wagon, than others who had no interest whatever in the matter. As has recently been frequently held by this court, an application for a con-

tinuance is now viewed by this court solely with reference to its materiality in connection with the evidence adduced upon trial, and if it appears to us that the testimony of the absent witnesses was not material, or if it appears that the facts set forth in the application were not probably true, then, in either case, the discretion exercised by the court below in refusing a continuance, not being made to appear to us as an abuse, would be left undisturbed. Code Cr. Proc., art. 560, sect. 6.

The judgment is affirmed.

*Affirmed.*